18714

Amaryllis A. MAYER, Respondent, v. MASTER FEED AND GRAIN COMPANY, Inc., and J. Harold Mayer, Defendants, of whom Master Feed and Grain Company, Inc., is Appellant.

(157 S. E. (2d) 413)

*Messrs. Marshall B. Williams,* of Orangeburg, and *J. Wesley Drawdy,* of Columbia, *for Appellant, Master Feed and Grain Company, Inc.,*

*Messrs. Barnwell, Whaley, Stevenson & Patterson,* of Charleston, *for Respondent,*

October 11, 1967.

LITTLEJOHN, Justice.

On August 6, 1965, the plaintiff commenced this action in the court of Common Pleas for Charleston County against Master Feed & Grain Company, Inc. (name now changed to McMillen Feed Mills, Inc., of South Carolina), and against her husband, J. Harold Mayer, by the service of a summons only. Thereafter, the defendant, Master Feed and Grain Company, Inc., demanded a complaint, which was served August 24.

The complaint alleges that plaintiff signed a mortgage [1] along with her husband, J. Harold Mayer, and renounced dower thereon, covering three parcels of real estate, one located in Charleston County, owned by her, and one located in Colleton County and one located in Beaufort County owned by her husband. Plaintiff alleges that her signature to the mortgage, which included her property in Charleston County, was without consideration and that the mortgage was not properly witnessed and was not entitled to recordation, and alleges that her renunciation of dower was void because the same was executed in the presence of her husband and in the presence of an agent of the defendant, Master Feed and Grain Company, Inc., the mortgagee.

She further alleges that by virtue of her being wrongfully induced to sign her name to the mortgage, a false and fraudulent cloud on her title was created, resulting in damages to her both actual and punitive. The prayer for relief asks (1)

[1] The mortgage was taken by Master Feed and Grain Company, Inc. Thereafter, and before this suit was commenced, the corporate name was changed to McMillen Feed Mills, Inc., of South Carolina. It is the same corporation though it is designated by its former name in this suit and by its subsequent name in another suit, referred to hereafter, brought by it in Colleton County.

an order declaring her Charleston County property free of the mortgage; (2) cancellation of the same on the records in Charleston County; (3) an order declaring the dower renunciation void; and, (4) a money verdict in the amount of $20,000.00 for damages.

After this action had been commenced in Charleston County by the service of a summons only on August 6, 1965, and before the service of the complaint demanded, *McMillen Feed Mills, Inc., of South Carolina* (now using its new name) on August 13, 1965, commenced an action in the Court of Common Pleas for Colleton County by serving a summons and complaint on both Amaryllis A. Mayer and J. Harold Mayer, who are plaintiff and co-defendant, respectively, in the Charleston County action, asking foreclosure of the mortgage referred to in the Charleston action, and also asking additional judgment on a separate open account in the amount of $18,000.00. Amaryllis A. Mayer answered the Colleton action, setting up as a defense, among other things, that she has a suit pending in Charleston County and that the Colleton County action should be dismissed and her rights adjudicated in the Charleston Court.

J. Harold Mayer answered in the Charleston action, joined in the prayer for relief of the plaintiff and asked a judgment by way of cross action against the Master Feed and Grain Company, Inc.

In the Charleston action, Master Feed and Grain Company, Inc., demurred to the complaint on the ground that: "* * * there is another action pending between the same parties for the same cause in the Court of Common Pleas of Colleton County."

It is not alleged in the demurrer that such contention appears on the face of the complaint and actually no mention of the Colleton County case is made in the Charleston complaint.

There is printed in the Transcript a demurrer on behalf of the Master Feed and Grain Company, Inc., to the cross

action of J. Harold Mayer, but it is obvious from a reading of the lower court's order and by reference to the statement in the Transcript, and the statements in the briefs, that this demurrer was not considered by the lower court and is not on appeal at this time.

In addition, the appellant moved for a change of venue from Charleston County to Colleton County upon the ground that the foreclosure action is now pending in Colleton County. The motion is made "* * * upon the allegations of the Complaint, upon the existence of other suits, upon the same cause of action and in particular upon a suit for foreclosure of the mortgage mentioned in the Complaint now pending in Colleton County, * * *."

The questions raised by the exceptions are eight in number, but the exceptions include matters which obviously were not submitted to the circuit court below and accordingly, are not properly before this court for the purpose of review.

We conceive that the only issues submitted to the lower court and the only ones which can be reviewed by this court are the two narrow issues ruled on by the court below and stated in the demurrer and in the motion set forth above, to wit: (1) Does it appear on the face of the complaint that there is pending another cause of action between the same parties, and, (2), does the fact that an action has subsequently been commenced in Colleton County entitle the appellant to change the venue?

In a short order the lower court overruled both the demurrer and the motion, holding that the plaintiff in the Charleston suit commenced her action first.

We think the trial judge correctly determined the issues. The complaint is is not demurrable because "another action is pending" for two reasons: first, the action in Colleton County was not pending when this action was commenced in Charleston County, and secondly, a reading of the complaint shows that no reference was made

to any other action pending and unless such appeared on the face of the complaint, the objection cannot be raised by way of demurrer. See Section 10-642, 1962 Code of Laws.

■ This action was properly brought in Charleston County by the plaintiff, who owns one parcel of the real estate (located in Charleston County) covered by the mortgage, for the purpose of settling the dispute which involved title to real estate. See Section 10-301, 1962 Code of Laws. Also, *Dickerson v. Oliphant,* 160 S. C. 288, 158 S. E. 546. The place of the trial can be changed under Section 10-310 when the action is brought in the wrong county, but we cannot say that Charleston County is not the proper county for the trial of the issues made in the complaint, and the lower court was correct in so ruling, and is,

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

