18844

Martha D. JARRELL, Respondent, v. J. Glenn JARRELL, Appellant

(164 S. E. (2d) 572)

*Messrs. Harvey, Harvey & Battey,* of Beaufort, *for Appellant,*

*J. N. Malphrus, Esq.,* of Ridgeland, *for Respondent,*

November 20, 1968.

Moss, Chief Justice.

In this divorce action appellant defaulted, and judgment in favor of respondent awarded her, inter alia, custody of the children of the parties and money for their support. Subsequent to the entry of the divorce decree, appellant was ordered to pay an amount for the support of his two minor children in excess of the amount required by the divorce decree, the appeal being from such subsequent order.

The record of the proceedings in the divorce action, prior to the default decree, is not before us. The divorce decree made no specific finding as to either appellant's ability to pay or as to what was an adequate amount for the support of his children. The decree, dated May 17, 1967, simply ordered him to pay "$125 monthly as child support * * * or until further order of this court."

Respondent, on January 16, 1968, filed a petition in the cause alleging that she was unable to properly raise and support the children on the sum of $125 per month, and

that the appellant was financially able to pay a larger amount for the support of his children. Upon this petition, the Resident Judge of the Fourteenth Judicial Circuit, who had signed the divorce decree, issued a rule requiring the appellant to show cause, if any he could, why the decree should not be amended by increasing the amount of support ordered for the children. In response to said rule, appellant appeared represented by counsel, and evidence was taken as to the needs of the children and the financial ability of the appellant to pay for their adequate support, but such evidence was not recorded and is, hence, not a part of the record on appeal. Appellant. raised no question as to the suffciency of the allegations of respondent's petition and interposed no objection to the testimony not being recorded. Following the hearing, the court issued an order requiring the appellant to pay the sum of $225, monthly, for the support of his children.

On appeal, appellant is represented by counsel other than his counsel below. While the exceptions and questions stated are several, the appellant's contentions may be summarized as follows.

It is contended that the issue of a proper amount for the support of his children is res jupdicata, as a result of the provision made for them in the default divorce decree, and that the court did not have the power to modify such decree in the absence of both allegation and proof of a substantial and material change of condition, it being asserted that such was neither alleged nor proved.

Assuming, without at all deciding, that, under the circumstances of this case, there would have been any merit in appellant's contentions if timely and properly raised, his contentions have not been properly preserved and presented for consideration on appeal. The record fails to show that his present contentions were in any manner presented to or passed upon by the trial court, and they are not, therefore, entitled to be considered on appeal. *Williamson v. S. C. Elec. & Gas Co.*, 236 S. C. 101, 113 S. E. (2d)

345; *Stanley v. Reserve Insurance Company,* 238 S. C. 533, 121 S. E. (2d) 10; *Mayer v. Master Feed & Grain Co.,* 250 S. C. 275, 157 S. E. (2d) 413.

Additionally, the record affirmatively shows that the appellant consented to the testimony being taken by the court and that he, at least inferentially, consented to such not being recorded. At least he did not object, and the evidence is not a part of the record here. This court, in the absence of the evidence being in the record, cannot pass upon any alleged insufficiency of proof. *South Carolina National Bank of Charleston v. B. H. Stepp Co.,* 248 S. C. 521, 151 S. E. (2d) 752.

Appeal dismissed.

LEWIS, BUSSEY and LITTLEJOHN, JJ., and CLARENCE E. SINGLETARY, Acting Associate Justice, concur.