19366

CAROLINA POWER AND LIGHT COMPANY, Appellant, v. William E. GASQUE, Jr., and Virginia G. McDowell, Respondents.

(186 S. E. (2d) 813)

2

[redacted]

*Messrs. Thomas E. Smith, Jr.,* of Pamplico, and *J. M. McLendon,* of Marion, *for Appellants,* [redacted]

*Messrs. Gasque & Seals,* of Marion, *for Respondents,*

February 14, 1972.

Moss, Chief Justice:

Carolina Power and Light Company, the appellant herein, instituted this condemnation proceeding against William E. Gasque, Jr. and Virginia G. McDowell, the respondents herein, to acquire a right of way easement for the purpose of constructing and maintaining an electric power line across an area of four and eighty-seven one-hundredths (4.87) acres. The condemnation included, in addition to the actual right-of-way taken, the right to cut down at any time, trees standing outside of the right-of-way strip which might be considered dangerous to any of the transmission lines.

A jury was duly impaneled by the Clerk of Court for Marion County and a trial was had which resulted in a verdict in favor of the respondents in the amount of $2,800. The respondents, being dissatisfied with the award so made, appealed to the Court of Common Pleas for said county, and a trial *de novo* was had in said court and the jury rendered a verdict for the respondents in the amount of $22,-000. Thereafter, the appellant made a motion for a new trial and the only ground stated was "that the jury verdict is grossly excessive and not based on the evidence and testimony presented in this case." This motion was refused by the trial judge and this appeal followed.

The sole question for determination in the court below was the amount to be paid by the appellant to the respondents as just compensation for the property rights acquired as contemplated by Article I, Section 17 of the 1895 Constitution of this State.

It appears from this record that, prior to this condemnation proceeding, an engineering study had already been made of the land in question and a subdivision plat prepared showing the layout of the streets and the lots in the sub-

division. The land in question adjoined an existing subdivision known as English Park and was near another existing subdivision. All of the respondents' witnesses testified that the highest and best use of the land was for residential subdivision purposes.

The witnesses in behalf of the respondents testified that the condemned right-of-way would affect a total of 28 lots, 6 of which would not be useable at all and the remaining 22 lots would be damaged at least 50 percent. These witnesses testified that the value of the lots improved would be $2,800 to $3,000 without the power line. They also testified that the development costs would amount to $800 to $1,000 per lot for sewer, water, necessary hydrants and manholes and in addition, development and engineering costs would be $75.00 to $100.00 per lot. All of the foregoing testimony together with a plat of the subdivision was introduced into evidence without any objection thereto by the appellant.

The appellant concedes that under the testimony of the witnesses in behalf of the respondents that the value of the lots in question without the power line thereon would be $51,000. It is then argued that under the testimony, from this figure should be deducted $28,000 for water and sewer costs and $2,800 for engineering and other development costs for a total of $30,800, leaving the total damage as being $20,200. The appellant arrives at the foregoing conclusion by using the higher figure of $1,000 per lot  for sewer, water, etc., and $100.00 per lot for development and engineering costs.

Accepting the value of the lots in question without the power line thereon to be $51,000 and deducting therefrom the sum of $800 per lot for water and sewer costs, making a total of $22,400 and further deducting $75.00 per lot for engineering and other development costs, or a total of $2,-100, this would leave the total damage to be $26,500. In making this calculation, the low figure for the development costs per lot is used.

One witness for the appellant testified that the fair market value of the 4.87 acres was $2,237.50. Another witness for the appellant testified that the raw land value of the 4.87 acres was $2,800.

It is the position of the appellant that the trial judge erred in refusing to grant a new trial upon the ground that the verdict was capricious, unconscionable, excessive and influenced by passion and prejudice, against the weight of and not supported by the evidence.

We have held that the granting of a new trial on the ground that a verdict is excessive is in the discretion of the trial judge, and his ruling thereon will not be disturbed unless it is shown that a verdict is wholly unsupported by evidence, or is so excessive as to justify the inference that it was capricious, or influenced by passion, prejudice or other considerations not found in the evidence. *South Carolina Public Service Authority v. Spearwant Liquidating Co.*, 196 S. C. 481, 13 S. E. (2d) 605. The jury is the tribunal to decide the weight to be given the testimony, and that body could accept or reject the valuation placed upon the lands here involved by any witness. It was the prerogative of the jury to decide the amount to be deducted from the value of the land for development costs. Witnesses for the appellant valued the land in question at $2,237.50 to $2,800.00. Based upon the valuation of the lots in question, the witnesses for the respondents and their estimate of the costs of the development of the subdivision, calculation reveals the jury could have found the total damages to be from $20,200.00 to $26,500.00. In view of this testimony we cannot say that the verdict of $22,000.00 was so excessive as to warrant the conclusion that it was the result of caprice, passion, prejudice or other considerations not founded in the evidence.

The verdict rendered by the jury in this case was within the range of the conflicting testimony as to the value of the condemned land. We cannot say, under the testimony, that

the refusal of the trial judge to set the verdict aside constituted abuse of discretion.

We point out that the appellant made no objection to the testimony of the respondents as to the value of the land being condemned nor to the method or means by which they arrived at this valuation.

The appellant seeks, by exceptions, to raise other questions for decision. A review of the trial record shows that the matters sought to be raised were not submitted to or passed upon by the trial court. The issues proposed by these exceptions are not properly before us for decision. *Jarrell v. Jarrell,* 251 S. C. 583, 164 S. E. (2d) 572.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.