## 21019

Jeffrey M. LEMOINE and Mary Ann Lemoine, Respondents, v. Ann P. HOLLINGSWORTH and Charles F. Hollingsworth, Appellants.

(257 S. E. (2d) 713)

*Lourie, Draine, Curlee & Swerling,* Columbia, *for appellants.*

*Robert M. Ariail,* of *Ariail, Dillard & Mitchell,* Greenville, *for respondents.*

August 1, 1979.

*Per Curiam:*

This appeal is from the order denying appellants' motion for a judgment *n. o. v.* or, in the alternative, for a new trial *nisi.* We affirm.

Respondents Lemoine initiated this breach of implied warranty action alleging the house they purchased from appellants Hollingsworth was defective. After a jury returned a verdict in respondents' favor for $8,375.00, appellants moved for a judgment *n. o. v.* or for a new trial *nisi.* Appellants raise two questions on appeal from the denial of their motions.

Initially, appellants contend the $8,375.00 verdict was excessive and unsupported by the evidence. Therefore, appellants assert the lower court erred in refusing to grant them a new trial. We disagree.

It is well settled that the granting of a new trial on the ground of an excessive verdict is within the trial judge's sound discretion and his ruling will not be disturbed unless the verdict is wholly unsupported by the evidence. *Carolina Power and Light Co. v. Gasque,* 258 S. C. 1, 186 S. E. (2d) 813 (1972). Hence, the crucial question for this Court is whether the amount of the verdict falls within the range of damages testified to below. *Buzhardt v. Cromer,* S. C., 249 S. E. (2d) 898 (1978). At trial, Mr. Lemoine stated it would cost between $7,000.00 and $8,-

000.00 to correct the defects in his home. This estimate did not include the cost of insulation which one witness placed at $840.00. Accordingly, we conclude that Lemoine's testimony, when coupled with the evidence regarding the cost of insulating the home, provided an ample basis for the jury's verdict.

Appellants also assert the lower court erred in striking certain medical testimony and in directing a verdict for respondents on appellants' second counter-claim. We disagree. In support of their counterclaim seeking recovery for intentional interference with economic interests and mental anguish, appellants introduced testimony of two physicians concerning the deteriorating health of Mrs. Hollingsworth. Although the testimony indicated Mrs. Hollingsworth was the victim of anxiety neurosis and suffered from emotional strain, neither doctor testified her condition was the result of any action by respondents. Moreover, the record indicates Mrs. Hollingsworth's ill health antedated the sale of the home to the Lemoines. Absent a showing of some causal connection between Mrs. Hollingsworth's condition and actions of the respondents, the lower court correctly struck the expert testimony and directed a verdict on appellants' counter-claim.