21539

HIGGINS CONSTRUCTION COMPANY, INC., Respondent, v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO., Appellant.

(281 S. E. (2d) 469)

664

*James B. Drennan, III,* of *Butler, Means, Evins & Browne,* Spartanburg, *for appellant.*

*William E. Walsh* and *T. E. Walsh,* both of *Gaines & Walsh,* Spartanburg, *for respondent.*

August 4, 1981.

GREGORY, Justice:

Southern Bell appeals from a jury verdict of Twelve Thousand, Four Hundred Forty Nine Dollars and 71/100 ($12,449.71) awarded respondent Higgins Construction

Company. Appellant's failure to remove telephone wires by the date promised allegedly delayed respondent's completion of a bridge project in Spartanburg County. We affirm in part and reverse in part.

Respondent entered into a contract with the South Carolina Department of Highways and Public Transportation for removal and replacement of a bridge on Front Street in Spartanburg. Appellant and Duke Power Company had utility lines paralleling the old bridge which would impede respondent's work unless removed. Duke Power owned the poles to which both companies' lines were attached. At the preconstruction conference, when asked if the telephone company would move its lines by March 28, 1977, the date respondent anticipated starting the project, appellant's representative replied, "Yes." He offered no qualifications. Duke Power was not represented at the conference.

Appellant did not remove the lines until May, 1977. Respondent contends if it had known of this delay, it could have arranged for another job between March 28, 1977 and May. Southern Bell contends its delay resulted from Duke Power's failure to relocate its poles to which appellant's lines were attached. Duke's lines were timely moved.

This appeal primarily revolves around the doctrine of promissory estoppel and its application. That doctrine holds "an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetration of fraud or would result in other injustice." 28 Am. Jur. (2d), *Estoppel and Waiver,* Section 48, pp. 656-657 (1966).

While this Court has never used the term "promissory estoppel," it has applied the doctrine. In *Furman University v. Waller,* 124 S. C. 68, 117 S. E. 356 (1922), C.A.C. Waller pledged Ten Thousand Dollars ($10,000.00)

through "the Baptist 75 Million Campaign" to Furman University. In reliance on the pledges received through the campaign, Furman built a new dormitory. This Court held Mr. Waller's estate was estopped from refusing to fulfill the pledge. Contrary to appellant's argument, *Waller* does not restrict the doctrine to cases involving charities.

The first question is whether the amended complaint ▮ stated a cause of action based on the doctrine of promissory estoppel sufficient to overcome appellant's demurrer. The complaint alleged appellant failed to move the lines by the date promised, knowing the respondent would rely upon their removal by that date. It also alleged appellant's failure to remove the lines by the promised date resulted in delay of the entire project, adding to respondent's costs and hindering respondent in the carrying out of its normal construction program.

A demurrer should be granted only where the pleadings, construed in the light most favorable to the non-moving party, fail to allege sufficient facts to state a cause of action. *DeBerry v. McCain*, S. C., 274 S. E. (2d) 293 (1981). Here, construing the complaint in the light most favorable to respondent, a cause of action for promissory estoppel is stated. Therefore, the demurrer was properly overruled.

Appellant also asserts error in the failure of the trial ▮ judge to grant a new trial on the ground respondent's proof of damages was speculative, conjectural and bore no relationship to the case. We agree insofar as the verdict is excessive.

It is well settled that the granting of a new trial on the ground the verdict is excessive is within the sound discretion of the trial judge and his ruling will not be disturbed absent abuse of discretion. *Lemoine v. Hollingsworth*, 273 S. C. 477, 257 S. E. (2d) 713 (1979). The crucial question here is whether the amount of the verdict falls within the range of damages testified to below. *Id.*

The verdict did not take into account certain admitted benefits derived by respondent from wages paid to employees and expenses for equipment during the period in question. Considering these benefits with the other testimony related to damages, in the light most favorable to respondent, the maximum recovery to which respondent is entitled is Six Thousand Five Hundred Dollars ($6,500.00). Hence, we hold it was an abuse of discretion not to grant a new trial on the damages issue.

All remaining exceptions are dismissed under Rule 23 of the Rules of Practice of this Court.

We affirm the trial court's determination of the issue of liability, but reverse and remand for a new trial solely on the issue of damages. See *Industrial Welding Supplies, Inc. v. Vending Co.,* S. C., 277 S. E. (2d) 885 (1981).

Affirmed in part; reversed in part; and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.