21699

Cynthia E. JOHNSON, by her Guardian ad Litem, Mary A. Johnson, Appellant, v. Myra Burns VAUGHT, Respondent, and Mary A. JOHNSON, Appellant, v. Myra Burns VAUGHT, Respondent.

291 S. E. (2d) 374)

*Stevens, Stevens & Thomas,* Loris, *for appellants.*

*McCutcheon & McCutcheon,* Conway, *for respondent.*

April 27, 1982.

GREGORY, Justice:

These cases arose out of an automobile accident. Appellants, alleging error on the part of the trial judge in refusing to direct a verdict and grant a judgment non obstante veredicto, appeal from a jury verdict for respondent. We reverse.

Appellant Cynthia Johnson drove out of a motel driveway onto Ocean Boulevard near Myrtle Beach and had traveled a distance of approximately twenty-two feet when her car was struck by respondent's car. Respondent, attempting to cross Ocean Boulevard from another driveway at the same motel, could not see around a beer truck parked between the driveways. Even though she could not see, respondent pulled

onto the highway, not slowly and without stopping, hitting appellant's car at the right front door and rear of the right front fender.

Two actions were brought against respondent. Appellant Cynthia Johnson, a minor, brought suit by her guardian ad litem for personal injuries. Appellant Mary Johnson, the owner of the car, sued for property damage. The cases were consolidated for trial.

South Carolina Code Ann. § 56-5-2350 (Cum.Supp.1981) provides:

"The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed."

Respondent chose to cross the highway although she could not see if vehicles were approaching from her left. She had alternatives available: she could have stopped and eased out very slowly or she could have asked someone to look and see if the way was clear or she could have turned right upon entering Ocean Boulevard or she could have exited from the motel's other driveway. She did none of these.

On appeal from a judgment where appellant's motions for a directed verdict and judgment non obstante veredicto, evidence and all reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *See* cases collected in West's S. C. Digest, *Appeal and Error* 927(7). We think the only reasonable inference to be drawn from the testimony is that the real, the immediate and efficient cause of the collision was the improper driving conduct of respondent in failing to yield the right-of-way to appellant's vehicle.

We conclude the trial judge erred in refusing to direct verdicts in appellants' favor and in refusing to grant judgments non obstante veredicto.

Accordingly, we reverse and remand for entry of judgments as to liability and new trials solely on the issue of damages. *See Higgins Construction Company, Inc. v. Southern Bell*

*Telephone and Telegraph Company,* S. C., 281 S. E. (2d) 469 (1981) and *Industrial Welding Supplies, Inc. v. Atlas Vending Co.,* 276 S. C. 196, 277 S. E. (2d) 885 (1981).

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.