1225

The CITIZENS BANK, Respondent v. GREGORY'S WAREHOUSE, INC., Appellant.

(375 S. E. (2d) 316)

Court of Appeals

*Mark W. Buyck, Jr.*, and *William Reynolds Williams, Willcox, Hardee, McLeod, Buyck, Baker & Williams,* Florence, *for appellant.*

*W. E. Calloway, Lee, Wilson, Erter and Calloway,* Sumter, *for respondent.*

Heard Sept. 13, 1988.

Decided Oct. 24, 1988.

GARDNER, Judge:

The Citizens Bank (the Bank) in this action against Gregory's Warehouse, Inc., (the warehouse) alleges causes of action for (1) conversion, (2) breach of contract and (3) promissory estoppel. The Bank alleges and the record reflects that the Bank made a loan to Chad Cottingham, a farmer, evidenced by a promissory note and secured by a security agreement and properly recorded financial statement covering crops described as those grown upon "lands of Vincent & McLeod 219 acres #F-874,[1] Eleanor Cottingham 95 acres #F-844, Chad Cottingham 50 acres #F-823, Hudson Farm 60 acres #F-823, John DuRant Est. 55 acres #F-225, Bessie Hinson 45 acres, Jim Tallon 16 acres." The B. K. Phillips farm, #F-867, was not listed on either the security agreement or financing statement.

By registered letter mailed July 26, 1985, the Bank advised Gregory's Warehouse that it had a lien on all the tobacco grown by Chad Cottingham and requested that checks for proceeds from the sale of this tobacco be made jointly to Cottingham and the Bank. The Bank footnoted the total pounds of designated tobacco as including 38,214 pounds grown on the B. K. Phillips, Jr. farm. The letter was properly receipted by an agent of the warehouse. The warehouse issued checks totaling $68,473.24 jointly to Cottingham and the Bank; $10,840.44 of that amount represented proceeds from the sale of tobacco grown on the Phillips farm. The warehouse issued checks totaling $48,530.30 to Cottingham alone, including $22,721.61 for tobacco grown on the Phillips farm.

The warehouse's answer admitted a promise to make the Bank joint payee on all checks it issued for tobacco sold for Cottingham. We must therefore assume that promise was made.

The case was tried without a jury. The appealed order

---

[1] We assume these are numbers assigned by the United States Agriculture Department or other political subdivision or agency of the United States.

held (1) that the description in the security agreement and financing statement was sufficient to cover the Phillips' farm, and (2) that the warehouse had converted that part of the tobacco for which the proceeds checks were not made payable jointly to Cottingham and the Bank and (3) awarded judgment against the warehouse for $48,530.30. The appealed order further held that the doctrine of promissory estoppel also supported the judgment. We affirm in part as modified, reverse in part and remand.

The issues of merit are (1) whether the trial judge erred by holding that the description in the security agreement and financing statement covered the tobacco grown on the Phillips farm and that the warehouse had converted this tobacco and (2) whether the trial judge erred by holding that the doctrine of promissory estoppel is applicable to the facts of this case.

### 1.

The warehouse argues that the trial judge erroneously held that the description in the security agreement and financing statement covered the tobacco grown on the Phillips farm and that the warehouse converted this tobacco. We agree. Whether the trial judge was in error is a matter of statutory construction. We review the statutes.

Section 36-9-203(1)(b), Code of Laws of South Carolina (1976), provides that a security interest is not enforceable against a debtor of third parties unless "the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops or oil, gas or minerals to be extracted or timber to be cut, a description of the land concerned."

Additionally, Section 36-9-402(1), Code of Laws of South Carolina (1976), provides in pertinent part:

> When the financing statement covers crops growing or to be grown ... the statement must also contain a description of the real estate concerned.

The appealed order found the description contained in the security agreement and the financing statement sufficient to cover the tobacco produced on the B. K. Phillips farm, #F-867; in doing so that the trial judge relied upon Section

36-9-110, Code of Laws of South Carolina (1976), which provides:

> For the purposes of this chapter, any description of personal property or real estate is sufficient whether or not it is specific *if it reasonably identifies what is described.* [Emphasis added.]

The Official Comment to this section states:

> The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it—that it make possible the identification of the thing described.

Considering these three sections of the Uniform Commercial Code, we hold that both the security agreement and the financing statement must contain a sufficient description of the land on which the crops are to be grown to make possible the identification of the thing described. We further hold that in the case before us neither the security agreement nor the financing statement met this test. Accordingly we hold that the trial judge erred in finding that the Bank's loan was secured by tobacco grown on the Phillips farm. It naturally follows that the appealed order erred in holding that there was a conversion by the warehouse of the proceeds from the tobacco grown on the Phillips farm. And we so hold.

## 2.

Next, the warehouse asserts that the trial judge erred by failing to hold that the breach of a promise cannot constitute promissory estoppel when there is no evidence of fraud, misrepresentation, unjust enrichment or other injustice. We agree that this argument raises a valid point. Whether promissory estoppel is applicable depends upon whether the refusal to apply the doctrine would be virtually to sanction the perpetration of fraud or would result in other injustice. These elements are included in the definition of promissory estoppel set forth in the case of *Higgins Construction Co., Inc. v. Southern Bell Telephone and Telegraph Co.*, 276 S. C. 663, 281 S. E. (2d) 469 (1981) by the following words:

> This appeal primarily revolves around the doctrine of

promissory estoppel and its application. That doctrine holds "an estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetration of fraud or would result in other injustice." 28 Am. Jur. (2d), *Estoppel and Waiver*, Section 48, pp. 656-657 (1966).

The Bank, in its letter to the warehouse, erroneously represented that it had a lien on the tobacco grown on the Phillips farm. It follows that the Bank has suffered no injustice from the failure of the warehouse to perform the promise. In other words, no injustice resulted from the failure of the warehouse to protect the Bank on a lien it did not have. And we so hold.

For the above reasons, we hold that the appealed order erroneously held that the doctrine of promissory estoppel was applicable to this case.

We find no merit to the remaining arguments of the warehouse and reject them summarily.

## CONCLUSION

For the reasons stated, we reverse the appealed order (1) insofar as it awarded judgment for conversion of the proceeds from the sale of tobacco grown on the Phillips farm and (2) insofar as it awarded judgment based upon promissory estoppel. We affirm so much of the appealed order that awarded judgment for conversion of the proceeds of the sale of the Cottingham tobacco which was not grown on the Phillips farm and modify the appealed judgment by reducing it to $25,808.69. *See Southeastern Mobile Homes, Inc. v. Walicki*, 282 S. C. 298, 317 S. E. (2d) 773 (Ct. App. 1984), wherein this court held that it has authority to modify a judgment where damages improperly allowed can be segregated. Accordingly the appealed judgment is affirmed in part as modified, reversed in part and remanded for purposes of entering judgment in accordance with this decision.

Affirmed in part as modified, reversed in part and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.