**BALBO CORPORATION d/b/a BALBO CONSTRUCTION CORPORATION, Plaintiff**

**v.**

**ENIGHED CONDOMINIUMS, LLC, BP SIRENUSA SPV, BP SIRENUSA INTERNATIONAL, LLC, BANCO POPULAR DE PUERTO RICO, HULKE CONSTRUCTION COMPANY VI, LLC, FLAMBOYANT REALTY SERVICE, INC., WHITECAP INVESTMENT CORP. d/b/a PARADISE LUMBER, BOB'S ELECTRIC, INC., and FRANCIS S. WOODS, Defendants**

**v.**

**WILLIAM R. NASH, V.I., INC., HI CONSTRUCTION, LLC, and KRAUS-MANNING, INC., Counterclaim and Cross-Claim Defendants**

Civil No. ST-09-CV-399

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

March 8, 2013

94

GREGORY HODGES, ESQ., Dudley, Topper & Feuerzeig, LLP, St. Thomas, USVI, *Attorney for Banco Popular de Puerto Rico.*

CHARLES S. RUSSELL, JR., ESQ., Moore, Dodson & Russell, P.C., St. Thomas, USVI, *Attorney for William R. Nash, V.I., Inc.*

CARROLL III, *Judge*

## MEMORANDUM OPINION

(March 8, 2013)

**THIS MATTER** is before the Court on Defendant/Counter-claimant/Cross-claimant Banco Popular de Puerto Rico's Motion for Summary and Default Judgment, filed April 27, 2010, and Supplemental

95

Motion for Summary and Default Judgment, filed February 12, 2013.[1] Banco Popular wishes to foreclose on a mortgage it provided to Enighed Condominiums, LLC. William R. Nash, V.I., Inc. asserts a cross-claim against Banco Popular and opposes the Motion for Summary and Default Judgment. All other parties have either settled or consented to the entry of judgment against them. After a careful analysis of the record, the Court finds that there are no genuine issues of material fact, and that summary judgment in favor of Banco Popular is appropriate. Accordingly, the Court will grant the motion.

## FACTS AND PROCEDURAL HISTORY

Banco Popular, a banking corporation organized under the laws of Puerto Rico, entered into a loan agreement with Enighed Condominiums, a Florida limited liability company that was the owner and developer of a property on St. John known as the Sirenusa Condominium (the Property). The amount of the loan was twenty-eight million dollars ($28,000,000.00). On October 13, 2005, Banco Popular and Enighed entered into a loan agreement pursuant to which Banco Popular provided loans and other financial accommodations to Enighed for the Sirenusa Condominium project.

As security for repayment of the notes, Enighed provided Banco Popular with a First Priority Mortgage and Construction Security Interest, which Banco Popular promptly recorded on October 13, 2005. On the same date, as additional security, Enighed provided Banco Popular with an Assignment of Leases and Rents which assigned to Banco Popular all of Enighed's rights, title, and interest in all leases, licenses, and concessions related to or concerning the Property and all rents, revenues, issues, and profits from such use and occupancy agreements. Finally, on the same date and as further security, Enighed and Banco Popular entered into a Security Agreement in which Enighed provided Banco Popular with a security interest in all of its rights, title, and interest in and to its accounts, general intangibles, equipment and all other personal property more particularly described in the Security Agreement.

---

[1] Banco Popular de Puerto Rico is represented by Gregory Hodges, Esq., of Dudley, Topper & Feuerzeig, LLP. William R. Nash, V.I., Inc., is represented by Charles S. Russell, Jr., of Moore, Dodson & Russell, P.C.

Banco Popular perfected its security interest in this collateral by filing UCC-1 Financing Statements with the Office of the Lieutenant Governor, Division of Corporations and Trademarks, on the same date. The Mortgage and Rent Assignment were modified four times, each time increasing the loan amount, among other things. The final modification increased the loan amount to $47,295,517.00. Each modification was duly and promptly recorded.

After numerous defaults, Banco Popular and Enighed entered into a Forbearance and Surrender Agreement, dated May 20, 2009. In this agreement, Banco Popular explicitly maintained its valid, enforceable security interests in the Property and agreed to provide substantial additional funding to Enighed and to forbear from exercising default remedies. The forbearance period expired, and pursuant to the agreement, Enighed delivered a Consent to and Confession of Judgment to Banco Popular. On June 11, 2009, Enighed conveyed the property to BP Sirenusa SPV, Inc. (SPV), pursuant to a Deed in Lieu of Foreclosure. Subsequently, SPV merged with BP Sirenusa International, LLC (BPSI). BPSI is now the record owner of the Property.

Banco Popular has settled with Balbo Corporation, Whitecap Investment Corporation, Bob's Electric, Inc., Francis S. Woods, and Kraus-Manning, Inc. Additionally, Banco Popular has filed a Notice of Dismissal of its cross-claims against Flamboyant Realty Services, Inc., and HI Construction, LLC. Finally, Hulke Construction Company VI, LLC, consents to the entry of judgment against it. The only remaining claims are Banco Popular's claim against Enighed, BPSI, and William R. Nash, V.I., Inc., and Nash's counterclaim against Banco Popular.

Banco Popular moved for summary judgment, and Nash asserted that it needed more time to conduct discovery before it could properly oppose the motion for summary judgment. The Court granted Nash's motion, which the Court construed as a Rule 56(d) motion, and allowed Nash to file its opposition after the close of fact discovery. After completion of discovery, Nash filed a supplemental opposition to Banco Popular's summary judgment motion, and Banco Popular filed a supplemental reply to the opposition. On February 12, 2013, Banco Popular submitted a Supplemental Motion for Summary and Default Judgment. The Motion states that on May 12, 2010, a Notice of Release of Lien Bond was recorded. The Release of Lien Bond, in the amount of $714,955.05 and signed by BPSI, as principal, and Travelers Casualty and Surety

97

Company, as surety, was attached to the Notice. The Court must now address the issues presented in the initial motion, responses, and supplemental filings.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."[2] The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[3] A fact is material only if its existence or non-existence will affect the outcome of a lawsuit under applicable law, and an issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[4] The role of the court is not to weigh the evidence for its truth or credibility, but merely to ascertain whether a triable issue of fact remains in dispute.[5] The non-moving party receives "the benefit of all reasonable doubts and inferences drawn from the underlying facts."[6]

"When reviewing the record, [the] Court must view the inferences to be drawn from the underlying facts in the light most favorable to the non-moving party, and [the Court] must take the non-moving party's conflicting allegations as true if 'supported by proper proofs.' "[7] "[T]o survive summary judgment, the nonmoving party's evidence must

---

[2] FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also Skopbank v. Allen-Williams Corp.*, 7 F. Supp. 2d 601, 39 V.I. 220, 227 (D.V.I. 1998).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

[4] *Id.*

[5] *Suid v. Phoenix Fire & Marine Ins. Co*, 26 V.I. 223, 225 (D.V.I. 1991).

[6] *Aristide v. United Dominion Constructors, Inc.*, 30 V.I. 224, 226 (D.V.I. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

[7] *Joseph v. Hess Oil V.I. Corp.*, 54 V.I. 657, 664 (2011) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).

amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance."[8] The non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial.[9] Such evidence may be direct or circumstantial, but "the mere possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find it probably happened that way."[10] Importantly, the Court may not weigh the evidence and determine the truth, but instead decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party.[11]

## II. Default Judgment

Superior Court Rule 48 and Federal Rule of Civil Procedure 55 govern default judgments in this Court. SUPER. CT. R. 48 requires that once a party is entitled to judgment by default (i.e., when default has been entered) the party must simply apply to the Court for judgment. The party must also show that the party against whom default judgment is sought is not a minor, incompetent person, or in the military service. When these conditions are met, the Court may grant default judgment.

## DISCUSSION

### I. Default judgment against Enighed and BPSI is appropriate.

■ On November 9, 2009, the Clerk of the Court entered default against Enighed. Enighed has not participated in this matter in any way since the entry of default. Banco Popular has submitted facts showing that Enighed is a corporation and, therefore, not a minor, person adjudged incompetent, or in the military service. Finally, the claim against Enighed is for a sum certain as evidenced by the Loan Agreement, Notes, Security Documents, Forbearance Agreement, and Consent Judgment.

### II. Summary Judgment against Nash is appropriate.

Finding no disputed issues of material fact, the Court will grant summary judgment in favor of Banco Popular and against Nash. As an

---

[8] *Id.* (internal quotation marks omitted).

[9] *Anderson*, 477 U.S. at 248.

[10] *Saldana v. Kmart Corp.*, 260 F.3d 228, 232-34, 43 V.I. 361 (3d Cir. 2001).

[11] *See Anderson*, 477 U.S. at 255.

initial matter, the Court notes that pursuant to V.I. CODE ANN. tit. 28, § 260(a), upon recordation of the release bond, the Property was released from Nash's lien and any action to foreclose upon it. However, the recordation of the release bond occurred on May 12, 2010 and Nash submitted no filings informing the Court as such. Accordingly, the Court will proceed under the assumption that the bond has not changed Nash's intent to pursue its claim against Banco Popular and oppose Banco Popular's motion for summary judgment. To the extent that Nash's lien still exists, the Court will continue with the analysis based on Banco Popular's initial summary judgment motion and Nash's supplemental opposition thereto.

Based on the recordation dates of the liens at issue, the Court finds that Nash's lien on the Property is junior to Banco Popular's valid first priority mortgage. Nash urges the Court to apply the doctrine of merger to extinguish Banco Popular's interest and elevate its own interest to first priority. Yet, the Court finds that the doctrine of merger generally is inapplicable in the Virgin Islands. Regardless, applying the doctrine to this case does not result in a merger because two separate entities hold the mortgage on, and the fee title to, the Property, and the Court finds that piercing the corporate veil to consider the two entities as one is inappropriate under these facts.

### A. Banco Popular's mortgage has priority over Nash's lien under Virgin Islands law.

 It is well established that suits to enforce promissory notes are well-suited for summary judgment due to well-established legal principles and often uncontested facts.[12] In the Virgin Islands, the priority of liens is determined by the timing of the recordation of the liens. "If the claimant records a notice of lien when there is no effective notice of commencement covering the improvement, the claimant's lien attaches at the time he records his notice of lien."[13] It is undisputed that there was no notice of commencement in this case. Therefore, recordation chronology determines lien priority.

---

[12] *Celestin v. LLP Mortg., Ltd.*, S. Ct. No. 2007-014, 2007 V.I. Supreme LEXIS 6 (2007); *Pemberton Sales & Servs. v. Banco Popular de P.R.*, 877 F. Supp. 961, 971 (D.V.I. 1994).
[13] V.I. CODE ANN. tit 28, § 258(b) (1996).

■ Banco Popular has submitted evidence, which Nash does not contest, that its mortgage was recorded on October 13, 2005, prior to Nash's lien recorded on December 19, 2008. Furthermore, "[a] valid foreclosure of a mortgage terminates all interests in the foreclosed real estate that are junior to the mortgage being foreclosed and whose holders are properly joined or notified under applicable law."[14] Nash has been properly joined and notified. The effect of Banco Popular's foreclosure would be termination of Nash's interest. As a junior priority lienholder, Nash would receive any proceeds from the foreclosure sale above and beyond those that first go to satisfying Banco Popular's interest.

Banco Popular requests that the Court enter summary judgment in its favor and allow it to foreclose on its mortgage. However, Nash opposes this and urges the court to apply the merger doctrine. Nash argues that when SPV (now BPSI) accepted the Deed in Lieu of Foreclosure, the mortgage interest merged with the fee interest and extinguished the mortgage. If the mortgage were extinguished by the doctrine of merger, Nash's lien would be automatically elevated to a first priority lien, and Nash would have the right to foreclose. The issue before the Court, then, is whether an application of the merger doctrine is appropriate. For the reasons stated below, the Court finds that it is not.

## B. The doctrine of merger is not applicable to mortgages in the Virgin Islands.

■ ■ Nash urges this Court to apply the doctrine of merger. The oft-maligned doctrine of merger states that "when a mortgagee's interest and a fee title becomes owned by the same person, the lesser estate, the mortgage, merges into the greater, the fee, and is extinguished unless the holder intends a contrary result."[15] The antiquated doctrine was created as a device to simplify factually complicated situations of title transfer.[16] There is strong persuasive precedent in the Virgin Islands against the

---

[14] RESTATEMENT (THIRD) OF PROP.: MORTGAGES § 7.1 (1997).

[15] *Id.* § 8.5 cmt. a.

[16] *Id.* § 8.5.

application of the doctrine of merger.[17] The doctrine's use with mortgages is also explicitly disfavored by the Restatement.[18]

◼ Normally, the doctrine of merger would not apply when a mortgagee accepts a deed in lieu of foreclosure. This is so that if the mortgagee then discovers a lower priority lien, the mortgagee may reject the deed in lieu and proceed with foreclosure to extinguish the junior lien. However, an exception exists for "[t]he mortgagee who accepts title to the mortgaged land via a deed in lieu of foreclosure with actual knowledge of a junior lien securing a debt obligation[,]" which is "one of those extremely rare circumstances in which [the mortgagee] will be deemed to have waived the right to foreclose on that lien."[19]

◼ The Virgin Islands code provides additional support against the application of the doctrine of merger. The code provides two explicit methods to extinguish a mortgage: by recording a release of mortgage or by foreclosing.[20] It appears that the legislature's interest in having a simple and efficient mortgage recording and foreclosure schema would be frustrated by the application of a common law doctrine that requires judicial discretion and fact-finding. The Restatement explains that "a merger's value as a title simplification device with respect to mortgages has been largely negated . . . ."[21] Accordingly, the Court declines to apply the doctrine of merger to mortgages.

◼ The Court finds that Nash's opposition fails due to the doctrine of merger being inapplicable to mortgages in the Virgin Islands. But even if the doctrine did apply to mortgages, its application would not be appropriate in this case. For a mortgage and fee title to merge, the same entity must hold the mortgage and the title. For the Court to reach such a finding in this case, Nash must prove that Banco Popular and SPV (now BPSI) should be regarded as the same entity. Nash must also prove that Banco Popular had the intent to merge the mortgage and fee title, or that

---

[17] *Land Holdings (St. Thomas) Ltd. v. Mega Holdings, Inc.*, 41 V.I. 474, 485 (D.V.I. 1999), *aff'd*, 283 F.3d 616 (3d Cir. 2002). ("It is thus necessary to put to rest, once and for all time, that in the Virgin Islands, '[t]he doctrine of merger does not apply to mortgages or affect the enforceability of a mortgage obligation.' ").

[18] RESTATEMENT (THIRD) OF PROP.: MORTGAGES § 8.5 ("The doctrine of merger does not apply to mortgages or affect the enforceability of a mortgage obligation.").

[19] *Land Holdings*, 41 V.I. at 485.

[20] V.I. CODE ANN. tit. 28, § 127 (1996).

[21] RESTATEMENT (THIRD) OF PROP.: MORTGAGES § 8.5 cmt. a.

the equities of this particular case require an application of merger.[22] Failing proof of either of these situations, Nash must rely on the narrow exception described above and prove that Banco Popular had actual knowledge of Nash's junior lien. The Court will address these elements in reverse order.

## 1. Nash can only succeed on the prior knowledge exception.

In this case, the equities do not require an application of merger. Nash will not be harmed by this Court refusing to apply the doctrine. Further, an application of the doctrine allows Nash to elevate the priority of its lien at the expense of Banco Popular's mortgage. This outcome, rather than the former, appears inequitable to the Court as it would benefit Nash at Banco Popular's expense.

Further, Nash has failed to prove an intent to merge. The record appears to reflect the exact opposite intent. Banco Popular created a new corporate entity to affect the deed in lieu of foreclosure transaction, keeping the mortgage interest and the fee title in two allegedly separate entities. The Deed in Lieu itself specifically says that BPSI takes "subject to" all existing mortgages.[23] Additionally, no release of mortgage was recorded. Even viewing the facts in the light most reasonable to Nash, the Court cannot find an intent to merge.

As no intent to merge and no equitable situation requiring merger exist, Nash must rely on the narrow exception of previous knowledge of the junior lien. Nash is unable to present any evidence of previous knowledge by Banco Popular or SPV. Drawing all reasonable inferences from the facts, the Court finds that Banco Popular and SPV must have had some knowledge of Nash's lien as it would be unusual for SPV to enter into a deed in lieu transaction without first determining what claims remain on the Property. However, even assuming SPV had knowledge of the lien, the Court still cannot apply the doctrine of merger. As explained below, the Court finds no reason to pierce the corporate veil and consider Banco Popular and SPV one entity for the purpose of owning both the mortgage interest and the fee title to the Property.

_____

[22] *Aviation Assocs. v. V.I. Port Auth.*, 26 V.I. 24, 33 (Terr. Ct. 1990).
[23] Banco Popular's Statement of Undisputed Material Fact, Ex. O.

## 2. Piercing the corporate veil is inappropriate in this matter because there is no fraud or injustice.

■ Generally, a corporation is not liable for the acts of its subsidiaries. However, in certain circumstances, courts may "pierce the corporate veil" by disregarding a corporation's existence and making "the corporation's individual principals and their personal assets liable for the debts of the corporation."[24] Virgin Islands choice of law rules require that this Court apply the law of the state of incorporation when determining whether piercing the corporate veil is proper.[25] Because it is undisputed that BPSI is organized under the laws of Delaware, the Court must apply Delaware law.

■■ Under Delaware law, a defendant must show fraud or injustice for a court to pierce the corporate veil, and Nash has been unable to provide facts that support a finding of fraud.[26] Nash also argues that the Court should pierce the corporate veil under the alter-ego theory. A showing of fraud is not required, but "[t]o prevail on an alter-ego theory under Delaware law, a plaintiff must show (1) that the parent and the subsidiary 'operated as a single economic entity' and (2) that an 'overall element of injustice or unfairness . . . [is] present.' "[27]

Nash argues that this Court should pierce the corporate veil of SPV and determine that Popular, Inc. is the true title owner of the Property.[28] Nash claims that SPV is a mere instrumentality, or alter ego, of Banco Popular and provides evidence in support of this assertion. Although Nash's argument that SPV and BPSI are alter-egos of Banco Popular may have merit, it is not necessary for the Court to reach that issue. This is because there is no evidence of injustice or unfairness, and the Court is aware of no Virgin Islands case law where a corporate veil was pierced to apply the doctrine of merger.

---

[24] *Matheson v. V.I. Cmty. Bank Corp.*, 297 F. Supp. 2d 819, 833 (D.V.I. 2003).

[25] *Virgin Islands v. Lansdale*, 172 F. Supp. 2d 636, 645 n.8 (D.V.I. 2001); *see also* RESTATEMENT (SECOND) OF CONFLICTS § 307 (1971).

[26] *Henry v. St. Croix Alumina, LLC*, CIV. 1999/0036, 2007 U.S. Dist. LEXIS 98205 (D.V.I. Aug. 10, 2007).

[27] *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995) (quoting *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1085 (D. Del. 1990)).

[28] Popular, Inc. is the parent company of Banco Popular. Popular, Inc. is also the sole member of BPSI, the record owner of the property.

Banco Popular alleges, and it appears clear to the Court, that the formation of entities at issue was for the purpose of facilitating the deed in lieu of foreclosure transaction. The formation of the entities and the deed in lieu transaction benefitted Banco Popular, but just as importantly, it did not harm Nash. Nash urges the Court to pierce the corporate veil, but Nash can neither point to the harm that it has suffered, nor can it allege harm that it will suffer to justify this action by the Court. The last of the additional monetary advances was made by Banco Popular and recorded on October 21, 2008. Nash's lien was recorded on December 19, 2008. Even if Nash's argument that Banco Popular's lending breached the duty of good faith and fair dealing had merit, Nash would still be unharmed by this breach because Banco Popular's actions in no way affected the value of Nash's lien.

If, *arguendo*, the Court infers that SPV was created for the purpose of avoiding an application of the merger doctrine, it appears that this still does not rise to the level of injustice or fraud. Nash's arguments and alleged harm (or lack therefore), and the Court's determination of the inapplicability of the merger doctrine, would be exactly the same regardless of whether Banco Popular had taken the Deed in Lieu instead of SPV. The only difference in the hypothetical is that the Court would not engage in a piercing the veil analysis. In other words, SPV's creation and subsequent ownership of the Property does not provide any different result for Banco Popular than if Banco Popular itself had taken the Deed in Lieu.

## CONCLUSION

The Court finds that Banco Popular has a valid, first priority mortgage on the Property and Nash has a construction lien that is junior to Banco Popular's mortgage. Further, the Court holds, in accordance with strong case law, that the merger doctrine is not applicable to mortgages in the Virgin Islands. Even if the doctrine were available, the Court finds that the doctrine would not apply because the mortgage and title to the Property were never held by the same entity as required. To find otherwise, the Court would have to pierce the corporate veil and consider Banco Popular and SPV one entity, and there is no evidence of unlawful intent or fraud that would justify such a result.

There being no disputed issue of material fact, and having viewed the facts in the light most reasonable to the nonmoving party, the Court finds

that Banco Popular has met its burden for summary judgment against Nash. In addition, Banco Popular has proven that there exists a debt with Enighed, the debtor is in default, and Banco Popular has a right to foreclose. Accordingly, the Court will grant the Motion for Summary and Default Judgment and allow Banco Popular to foreclose on the mortgage.