

**FILED**
June 23, 2021
ST-2015-CV-00056
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BANCO POPULAR de PUERTO RICO, | ) |
| | ) **CASE NO.: ST-2015-CV-00056** |
| Plaintiff, | ) |
| | ) **ACTION FOR DEBT AND** |
| v. | ) **FORECLOSURE OF MORTGAGE** |
| | ) |
| JOHN H. PANZER, DENNIS B. PIERSON, | ) |
| TRACEY STILL, and AZIYZA A-R SHABAZZ | ) |
| a/k/a AZIYZA SHABAZZ, | ) |
| | ) |
| Defendants. | ) |

Cite as: 2021 VI Super 66U

**MEMORANDUM OPINION**

¶1    **THIS MATTER** is before the Court on:

1. Plaintiff Banco Popular's Motion For Summary Judgment ("Motion For Summary Judgment"), filed April 30, 2018;

2. Defendant Panzer's Opposition To Banco Popular's Motion For Summary Judgment ("Opposition"), filed June 20, 2018; and

3. Plaintiff Banco Popular's Reply Brief In Support Of Its Motion For Summary Judgment ("Reply"), filed July 20, 2018.

¶2    For the reason set forth below, the Court will enter default judgment against Aziyza Shabazz ("Shabazz") and extinguish her junior lien. The Court will also grant Banco Popular de Puerto Rico's ("Banco Popular") Motion For Summary Judgment seeking a foreclosure of its mortgage and a Marshal's Sale of the subject Property pledged as collateral. The Court will also dismiss Defendant John H. Panzer's ("Panzer") counterclaim against Banco Popular.

## I.    INTRODUCTION

¶3    This case arises out of a failure to pay a note secured by a mortgage on Parcel No. 1-CA Estate Bethany, No. 6 Cruz Bay Quarter, St. John, U.S. Virgin Islands (the "Property").[1] On February 3, 2015, Plaintiff Banco Popular filed its Complaint against Defendants Panzer, Dennis B. Pierson ("Pierson"), Tracey Still ("Still"), and Shabazz. On April 28, 2015, Panzer, *pro se*,[2] filed his Answer, Affirmative Defenses, Counterclaim And Cross-claim Of Defendant, John H.

---

[1] Pl.'s Mot. For Summ. J. 2.

[2] The Court will liberally construe Panzer's Answer as he was appearing *pro se. See, Carrillo v. CitiMortgage, Inc.*, 63 V.I. 670, 679 (V.I. 2015) (quoting *Etienne v. Etienne*, 56 V.I. 686, 691 n.5 (V.I. 2012)); *Donovan v. Virgin Islands*, Super. Ct. Case No. ST-12-CV-547, 2013 V.I. LEXIS 21, at \*7 (V.I. Super. Ct. Mar. 25, 2013).

Panzer ("Answer"). On June 11, 2015, Pierson and Still filed their Answer. On August 15, 2018, the Court issued a Consent Judgment between Banco Popular and Pierson and Still. Shabazz was served with the Complaint on February 26, 2015, but she did not file an Answer. Panzer is an owner of 60% of the property in question and Shabazz is a junior creditor.

¶4     The parties do not dispute that Pierson executed a note promising to repay Banco Popular the sum of $412,500.00 plus interest at the rate of 5.25% per annum.[3] The loan was secured by a mortgage on Panzer's Property, and the loan documents were executed on July 1, 2009, by Panzer, Pierson, and Still – Pierson's wife.[4] Pierson paid Panzer $290,000.00 for his 40% interest, in part by paying off Panzer's previous mortgage. Pierson also used the funds to extinguish his credit card debts.[5] Banco Popular recorded its mortgage on July 2, 2009.[6] On July 7, 2009, Shabazz recorded a lien on the property based upon a promissory note for $46,000.00, dated July 1, 2009.[7] Pierson stopped making payments in June 2013, and Panzer began making partial payments on the loan in August 2013.[8] Payments ceased in August 2014 and the instant case was filed in February 2015.[9] Banco Popular states it sent letters to Pierson and Still and made numerous phone calls in an attempt to bring the mortgage up to date.[10]

¶5     As Banco Popular's claims against Pierson and Still were resolved with entry of the Consent Judgment against Pierson, the Court will address only the arguments related to Banco Popular's outstanding claims. Banco Popular seeks a judgment of foreclosure on the property secured by the note and seeks to extinguish the junior lien.[11] Banco Popular notes that default was entered against Shabazz on June 2, 2015, and Banco Popular seeks "summary judgment and/or default judgment" against Shabazz by entry of a judgment that would "extinguish her lien in the Property, while preserving her statutory lien priority rights as a junior lienholder to any surplus that might be generated from the Marshal's sale of the property."[12] As for Panzer, Banco Popular requests the mortgage securing the note be foreclosed, the Property sold at judicial sale, and the proceeds of the sale distributed.[13]

¶6     Banco Popular, citing a range of cases, argues that this case is well-suited to summary judgment as it is a garden-variety debt and foreclosure claim, and there are no genuine issues of material fact.[14] Banco Popular states that it is also entitled to summary judgment on Panzer's promissory estoppel counterclaim.[15] In his *pro se* Answer, Panzer states that:

> 1. Defendant repeats admissions of allegations as set forth in paragraphs 1, 4, 6, 8, 10, and 11.

---

[3] Pl.'s Mot. For Summ. J. 2.
[4] Pl.'s Mot. For Summ. J. 2-3.
[5] Pl.'s Mot. For Summ. J. 3.
[6] Pl.'s Mot. For Summ. J. 3.
[7] Pl.'s Mot. For Summ. J. 4.
[8] Pl.'s Mot. For Summ. J. 3.
[9] Pl.'s Mot. For Summ. J. 3.
[10] Pl.'s Mot. For Summ. J 3-4.
[11] Pl.'s Mot. For Summ. J. 1.
[12] Pl.'s Mot. For Summ. J. 9.
[13] Pl.'s Mot. For Summ. J. 9.
[14] Pl.'s Mot. For Summ. J. 5-9.
[15] Pl.'s Mot. For Summ. J. 9.

2. Upon information and belief, Banco Popular had private communications with Pierson and Still and allowed them to add $112,500 to the amount of the mortgage for the payment of personal debts and obligations unrelated to the purchase of the 40% interest in the Property.

3. This agreement was made between Banco Popular and Pierson and Still without the knowledge or permission of Defendant Panzer.

4. Banco Popular has refused to provide Defendant Panzer with any information regarding the disposition of these funds.

5. On or about June 2013, Pierson stopped paying the mortgage on the Property and "surrendered" his 40% interest in the house to Banco Popular.

6. The Collections Department of Banco Popular has taken the position that Pierson must pay the remaining balance of that portion which Defendant Pierson took to pay personal obligations for himself and his wife Defendant Still.

7. Banco Popular calculated the portion of the Mortgage attributable to Defendant Panzer and recommended that Defendant Panzer pay $2300.00 per month while they aggressively pursued Pierson and Still for the remaining balance of the Mortgage attributable to the payment of Defendants Pierson and Still's personal debts and obligations.

8. Defendant Panzer paid this monthly payment pursuant to Banco Popular's request until it became clear that Banco Popular was taking no further action to compel Defendants Pierson and Still to fulfill their obligations.[16]

¶7    Banco Popular states that Panzer fails to identify the legal theory or cause of action to which his allegations relate.[17] Banco Popular points out that Panzer does not suggest the mortgage was in anyway altered, and Virgin Islands Supreme Court precedent in *Brouillard v. DLJ Mortg. Capital, Inc.*[18] states that the statute of frauds precludes a party in a real estate transaction from relying on an alleged oral agreement that creates obligations different from those in the executed instruments.[19] Reading his counterclaim "very generously," Banco Popular infers that Panzer is asserting a claim for promissory estoppel.[20] Citing to numerous decisions from several circuits, Banco Popular argues that to show that such reliance on a promise is reasonable, the promise must be clear and definite.[21]

¶8    Banco Popular then cites to Panzer's deposition where he testified that:  Banco said it would go "after Mr. Pierson and try to pressure him to come and talk" to Panzer; when asked what kind of pressure, he stated "reporting his credit, writing to him, talking to him, calling him, whatever"; and when asked if any bank representative told him what efforts the bank would take to pressure Pierson, Panzer replied "not specifically, no."[22] Banco Popular notes that the representative Panzer spoke with disputes this alleged promise, but even accepting it as true, it is too indefinite to be relied on – even Panzer could only guess what the enforcement action might

---

[16] Panzer Answer 4-5.
[17] Pl.'s Mot. For Summ. J. 10.
[18] 63 V.I. 788 (V.I. 2015).
[19] *Id.* at 798. Pl's Mot. For Summ. J. 10.
[20] Pl.'s Mot. For Summ. J. 10.
[21] Pl.'s Mot. For Summ. J. 10-11.
[22] Pl.'s Mot. For Summ. J. 11; Pl.'s Mot. For Summ. J. Ex. E 195-96.

be.[23] Further, Banco Popular asserts that it sent five (5) letters before a final demand letter and bank collectors made numerous calls to Pierson and spoke with him or left messages.[24] Banco Popular also cites to Pierson's statements that he could no longer afford to pay the mortgage and was prepared to let it go into foreclosure and, in light of that, it is not clear what else Banco Popular could do.[25] Therefore, Banco Popular argues, any reliance on other, unspecified actions, would be unreasonable and no injustice results from the alleged promise being unenforced.[26] Finally, Banco Popular argues that there was no detriment to Panzer for making partial loan payments because he received continued use of the property and reduced the lien amount.[27]

¶9     Panzer, now represented by counsel,[28] argues that Banco Popular "mislead Panzer in the formation and performance of the mortgage." In his Statement of Facts, Panzer admits he signed the mortgage, but he states that he "was not aware that his name was listed on the mortgage as Banco Popular had previously told him that his name would not be on the mortgage but would be on the deed."[29] Panzer argues that summary judgment is not appropriate because "[a] reasonable juror could find that Panzer was misled on the effect of signing the mortgage that used the entire property as collateral" and "a reasonable juror could find that Banco Popular mislead Panzer into making payments on Pierson's note."[30] Panzer also asserts that Banco Popular suggested he make payments on the loan to keep it from foreclosure and that he ceased making payments once Banco Popular's efforts to collect from Pierson and Still stalled. Panzer also states that he was not on the note, that Banco Popular does not cite any case where the debtor only signed a mortgage, and that since he did not sign a promissory note, he does not owe any money.

¶10    In his Opposition, Panzer also argues that Banco Popular is not entitled to summary judgment because Banco Popular merely accepted Pierson's assertion he could not pay back the debt, Banco Popular did not independently verify whether that was true, and it failed to follow through on its promise to Panzer by accepting Pierson's proclamation on its face.[31] Panzer concludes by stating that he had no legal obligation to pay the mortgage, and Banco Popular induced him to do so at no benefit to himself.[32]

¶11    In its Reply, Banco Popular argues that Panzer has not raised any genuine issues of material fact. Banco Popular, citing to *Cotto v. Hess Oil Virgin Islands*,[33] states that the general rule, and the one followed in the Virgin Islands, is that "one who signs a contract is presumed to know its contents" and that this rule is strictly enforced, even against an illiterate person.[34] Thus, Panzer's defense that he "did not understand that he was mortgaging the entire property" is not a viable defense to a foreclosure action. Banco Popular also cites to Panzer's deposition where he states that he understood that executing the mortgage turned the St. John property into collateral and he

---

[23] Pl.'s Mot. For Summ. J. 12.
[24] Pl.'s Mot. For Summ. J. 12.
[25] Pl's Mot. For Summ. J. 12-13.
[26] Pl.'s Mot. For Summ. J. 13.
[27] Pl.'s Mot. For Summ. J. 13.
[28] A Notice of Appearance was filed May 15, 2018.
[29] Panzer Opp'n 1.
[30] Panzer Opp'n 3.
[31] Panzer Opp'n 4-5.
[32] Panzer Opp'n 5.
[33] 21 V.I. 485, 488 (D.V.I. 1985).
[34] *Id.* at 488; Pl.'s Reply 1.

admitted to signing an authorization that allowed Pierson to use his property as collateral.[35] Therefore, even if Panzer's understanding was relevant, Banco Popular argues, Panzer cannot create a genuine issue of material fact that contradicts his authorization and testimony.[36]

¶12    Banco Popular also notes that Panzer is a college graduate, has worked for companies providing litigation support for law firms, has held executive positions and operated his own companies, socializes with lawyers, has a daughter who is a lawyer, and has executed mortgages on at least two other occasions.[37] Banco Popular is not seeking monetary relief from Panzer, only Pierson.[38]

¶13    As to Panzer's promissory estoppel claim, Banco Popular replies that Panzer did not respond to it's argument that any reliance would be unreasonable, and any alleged promise was too indefinite, vague, and uncertain to support such a claim.[39] Banco Popular also points out that Panzer has offered no law or facts to avoid dismissal as a matter of law, and Panzer's allegation that Banco Popular's efforts were insufficient is merely conclusory.[40] Finally, Banco Popular provides evidence that Shabazz is not in military service.[41]

## II.    LEGAL STANDARD

¶14    On April 3, 2017, the Supreme Court of the Virgin Islands adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017.[42] Pursuant to V.I. R. CIV. P. 1—1(c)(2)(B), the new procedural rules govern proceedings in any civil action commenced or still pending after March 31, 2017, unless the Court finds that doing so "would be infeasible or would work an injustice."[43] As the Supreme Court of the Virgin Islands stated in *Mills-Williams v. Mapp*,[44] the Virgin Islands remains a notice-pleading jurisdiction.[45]

### A. Summary Judgment

¶15    Summary Judgment is governed by Rule 56 of the Virgin Islands Rules of Civil Procedure, which states:

> A party may move for summary judgment, identifying each claim or defense — or
> the part of each claim or defense — on which summary judgment is sought. The

---

[35] Pl.'s Reply 2.

[36] Pl.'s Reply 2.

[37] Pl.'s Reply 2-3.

[38] Pl.'s Reply 3; Pl.'s Statement of Undisputed Facts Ex. G ¶22.

[39] Pl.'s Reply 3.

[40] Pl.'s Reply 3-4.

[41] Pl.'s Reply Ex. E. 50 U.S.C. § 3931 requires that a plaintiff show that a defendant is not active military before the entering of a default judgment.

[42] *See, In re: Adoption of the VI Rules of Civil Procedure*, Promulgation No. 2017–001, 2017 WL 1293844, 2017 V.I. Supreme LEXIS 22 (V.I. Apr. 3, 2017).

[43] V.I. R. CIV. P. 1-1(c)(2)(B).

[44] 67 V.I. 574 (V.I. 2017).

[45] *Id.* at n.6 ("Because this Court was certainly aware of its prior precedents applying the plausibility standard, yet nevertheless chose to adopt a rule of civil procedure that expressly and unambiguously eliminated the plausibility standard, any precedents of this Court construing the former rule must prospectively yield to the plain language of the new rule to the extent the new rule differs from the old rule.").

court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.[46]

¶16　Or, as the Virgin Islands Supreme Court stated in *Antilles School, Inc. v. Lembach*,[47] summary judgment is appropriate when after "considering all of the evidence, accepting the nonmoving party's evidence as true, and drawing all reasonable inferences in favor of the nonmoving party, the court concludes that a reasonable jury could only enter judgment in favor of the moving party."[48]

¶17　Summary judgment is a "drastic remedy" and only proper where "the pleadings, the discovery and disclosure materials on file . . . show that there is no genuine issue as to material fact[.]"[49] The nonmoving party must show in its response to a motion for summary judgment that there are "specific facts showing a genuine issue for trial."[50] In addition, "[t]he non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial. Such evidence may be direct or circumstantial, but the mere possibility that something occurred in a particular way is not enough[.]"[51] For a nonmoving party to show some genuine issue of material fact for trial, "'the nonmoving party may not rest on its allegations alone, but must present actual evidence, amounting to more than a scintilla,' in support of its position."[52]

¶18　Further, "[i]f the non-movant offers evidence that is 'merely colorable' or not 'significantly probative,' summary judgment may be granted."[53] Also, the "Court may not itself weigh the evidence and determine the truth; rather, we decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party."[54] Additionally, "trial courts should act with caution in granting summary judgment."[55] "While summary judgment may generally be a drastic remedy, Virgin Islands courts have recognized that debt actions may be especially well suited for summary judgment."[56] Where only easily calculable monetary damages are at stake, summary judgment on a debt action is especially apt.[57]

---

[46] V.I. R. Civ. P. 56(a).

[47] 64 V.I. 400 (V.I. 2016).

[48] *Id.* at 409.

[49] *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 228 (V.I. 2013) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).

[50] *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008) (quoting FED. R. Civ. P. 56(e)).

[51] *Id.* at 229 (quoting *Williams*, 50 V.I. at 194-95).

[52] *Anderson v. American Fed'n of Teachers*, 67 V.I. 777, 789 (V.I. 2017) (quoting *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527-28 (V.I. 2012)).

[53] *Pemberton Sales & Serv. v. Banco Popular de P.R.*, 877 F. Supp. 961, 965 (D.V.I. 1994).

[54] *Williams*, 50 V.I. at 195 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

[55] *Marsh-Monsanto v. Clarenbach*, 66 V.I. 366, 395 (V.I. 2017) (Swan, J., dissenting) (citing *Sealey-Christian v. Sunny Isle Shopping Center, Inc.*, 52 V.I. 410, 419 (V.I. 2009)).

[56] *Greenleaf Commons, LLC v. St. John Day Spa & Salon, LLC*, 2021 VI Super 2U, ¶9 (citing *Pemberton Sales & Serv. v. Banco Popular de P.R.*, 877 F. Supp. 961, 965 (D.V.I. 1994)) (unpublished).

[57] *Id.* (citing *Mayhem Enters, LLC v. Powell*, Super. Ct. Case No. ST-10-CV-125, 2015 WL 6784233 at *1 (V.I. Super. Ct. Oct. 30, 2015); *cf. Gourmet Gallery Crown Bay v. Crown Bay Marina, L.P.*, 2019 VI SUPER 137U, ¶30 (unpublished) (denying summary judgment because four counts of the breach of contract claim seek nonmonetary relief).

## B. Debt and Foreclosure Actions

¶19     This Court established in *Carlos Warehouse v. Thomas*[58] that to properly plead a debt action, a plaintiff must show that "the defendant owes a certain amount and that the defendant is or should be obligated to pay that amount. Damages are ordinarily not available."[59] The Virgin Islands Supreme Court elaborated that the three elements a plaintiff "had to establish to prevail on the foreclosure action [are] that '(1) the debtor executed a promissory note and mortgage, (2) the debtor is in default under the terms of the note and mortgage, and (3) the lender is authorized to foreclose on the property mortgaged as security for the note.'"[60] "Furthermore, '[a] valid foreclosure of a mortgage terminates all interests in the foreclosed real estate that are junior to the mortgage being foreclosed and whose holders are properly joined or notified under applicable law.'"[61]

¶20     Title 28, § 533 of the Virgin Islands Code provides that:

> When it is adjudged that any of the defendants have a lien upon the property, the court shall make a like judgment in relation thereto and the debt secured thereby as if such defendant were a plaintiff in the action. When a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property.[62]

## C. Promissory Estoppel

¶21     "To establish a claim for promissory estoppel, the following elements must be pled and proven: '(1) the promisor made a promise that he should have reasonably expected to induce forbearance; (2) the promisee refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise.'"[63] A party may not recover under a theory of promissory estoppel when it is established, either by admission or judicial finding, that a contract existed.[64]

---

[58] 64 V.I. 173 (V.I. Super. Ct. 2016).

[59] *Id.* at 193.

[60] *Carrillo v. Citimortgage, Inc.*, 63 V.I. 670, 674 (V.I. 2015) (quoting *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 232 (V.I. 2013)).

[61] Balbo Corp. v. Enighed Condos., LLC, 58 V.I. 93, 101 (V.I. Super. Ct. 2013) (quoting RESTATEMENT (THIRD) OF PROP.: MORTGAGES § 7.1 (1997)).

[62] V.I. CODE ANN. tit. 28, § 533.

[63] *Virgin Islands Port Authority v. Four Star Aviation*, Super. Ct. Case No. ST-09-CV-272, 2020 V.I. LEXIS 101, at *5 (V.I. Super. Ct. July 30, 2020) (quoting *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F.Supp.2d 545, 560, 45 V.I. 495 (D.V.I. 2004)).

[64] *Roy v. Banco Popular De Puerto Rico*, Super. Ct. Case No. ST-14-CV-306, 2018 V.I. LEXIS 90, at *23-24 (Super. Ct. Aug. 29, 2018) (quoting *Lynch v. Sease*, 244 Fed. Appx. 736, 739 (6th Cir. 2007)); *see also*, *Williams v. Inter-Ocean Ins. Agency*, 2020 VI Super 89U, ¶35 (quoting *Orthovita, Inc v Erbe*, 2008 U.S. Dist. LEXIS 11088, *40-41 (E.D. Pa. 2008)) ("Logically, a promissory estoppel claim can proceed only where a contract is absent. If the court finds that a contract exists, the promissory estoppel claim must fail. When parties have formed an enforceable contract, relief under a promissory estoppel claim is unwarranted.") (unpublished).

### D. Default Judgment

¶22    Virgin Islands Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the court or the clerk must enter the party's default." Title 50, § 3931 of the United States Code provides that in any civil proceeding in which the defendant does not make an appearance, the plaintiff must provide an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit."[65]

## III.   ANALYSIS

¶23    Shabazz did not enter an appearance in this case and default judgment extinguishing her lien is appropriate. The Court finds no genuine issues of material fact regarding either Banco Popular's claim or Panzer's counterclaim. The Court finds Banco Popular is due summary judgment as a matter of law and that Panzer cannot satisfy the elements of promissory estoppel.

### A. The Court will grant default judgment against Shabazz and extinguish the junior lien

¶24    Shabazz was served on February 26, 2015. Shabazz never made an appearance in this case. Shabazz's lien on the property is junior to Banco Popular's lien. Banco Popular has included evidence and an affidavit that Shabazz is not in active military service. While both Banco Popular and Shabazz's loans were executed on the same day, Banco Popular recorded its lien on July 2, 2009, while Shabazz recorded hers on July 7, 2009. Her lien is, therefore, junior to Banco Popular's lien. A default judgment extinguishing the lien is thus appropriate.

### B. There are no genuine issues of material fact present in either Banco Popular's claim or Panzer's counterclaim

¶25    As for the foreclosure claim, Panzer admits he signed the mortgage. Based upon the evidence provided—Panzer's own testimony at deposition and the authorization he signed—Panzer was aware the Property would be used as collateral. Also, Panzer has executed other mortgages, is a sophisticated businessman, was represented by an attorney, and initialed each page of the mortgage. Accordingly, the Court finds that no reasonable juror could conclude that Panzer was not aware he was putting up his entire property as collateral. Therefore, there are no genuine issues of material fact that would preclude a summary judgment foreclosing the property and ordering a Marshal's sale.

¶26    As for Panzer's promissory estoppel counterclaim, Panzer asserts that it is disputed whether Banco Popular misled him into making payments on the note. While the representative for the bank denies promising Panzer anything,[66] accepting the alleged promise as true, a reasonable juror

---

[65] 50 U.S.C. §3931(b)(1)(A).

[66] In footnote 4 on page 12 of Banco Popular's Motion For Summary Judgment, Banco Popular states that "[i]n his deposition, Raymond Green, the Bank's Vice President, Credit Administration, disputed Panzer's allegations about the alleged promise." Banco Popular then cites to pages 22 and 25 of "Exhibit N . . . attached to the [Statement of Undisputed Facts]." However, Exhibit N is a two-page Declaration from Raymond L. Green attesting to the veracity

could not find that Panzer was misled. According to Panzer, Banco Popular told him it would attempt to collect from Pierson and in the meantime he could make partial payments to stave off foreclosure. Banco Popular did exactly that. Banco Popular attempted to, and did, contact Pierson through letters and calls in an attempt to have him make his required payments. Pierson informed Banco Popular that he could not. While Panzer asserts that Banco Popular did not make an attempt to verify this, that is not material. Even assuming Pierson could pay, there is no requirement he make monthly installments first. The mortgage contains an acceleration clause and is secured by the Property. Banco Popular was, and is, fully within its rights to accelerate the loan, seek payment from Pierson, and foreclose on the property to satisfy the indebtedness. Indeed, that is precisely what Banco Popular did.

¶27     Banco Popular also did not mislead Panzer regarding the partial payments. Pierson stopped paying in June 2013. From August 2013 to November 2014 Panzer made his partial payments. Banco Popular did not attempt to foreclose on the property until after November 2014. No reasonable juror could find Panzer was misled, as Banco Popular did exactly what it said it would do—withhold on foreclosing while Panzer made partial payments. Thus, there exists no genuine dispute as to material facts regarding Panzer's counterclaim of promissory estoppel.

### C. Banco Popular is entitled to foreclosure as a matter of law

¶28     Banco Popular is not requesting that Panzer pay the balance due on Pierson's loan. Panzer did not sign the note and he is not obligated to pay Banco Popular under the agreement. However, Panzer is a party to the mortgage pledging the Property, of which he owns 60%, as collateral. There is no dispute that Pierson executed a note and mortgage on this Property, Pierson went into default, and the bank is authorized by the documents to foreclose on the Property. While summary judgment may often be a drastic remedy, debt and foreclosure cases are well-suited for summary judgment. The Court will, therefore, grant Banco Popular's request for entry of an order of foreclosure and Marshal's Sale.

### D. Panzer does not have a counterclaim for promissory estoppel

¶29     While Panzer does not state what specific legal theory he is suing under, the Court agrees with Banco Popular's assessment that it most closely resembles promissory estoppel, and Panzer's counsel also argues in his Opposition that it is a promissory estoppel claim. To the extent that Panzer alleges in his counterclaim matters related to the formation and contents of the mortgage, Panzer's counterclaim must fail as the mortgage is a valid contract. A party may not recover under promissory estoppel when the Court finds there is, or it is admitted there is, a valid contract. Panzer admits he signed the mortgage, and the mortgage is a valid contract.

¶30     To the extent that Panzer alleges promissory estoppel regarding Banco Popular's alleged representations to him concerning its efforts to go after Pierson and that it would not foreclose if Panzer made partial payments, Panzer's claims must also fail. Panzer does not allege what he refrained from doing in reliance upon Banco Popular's alleged promise to try and get Pierson to

---

of the other bank documents. Nor is any other exhibit the deposition of Raymond L. Green. However, because the Court accepts the alleged promise as having been made for purposes of this summary judgment, proof that Raymond L. Green disputed this promise is not necessary.

repay his debt. Nor is there a promise not kept that the Court could enforce here – Banco Popular did make good on its alleged promise to pursue Pierson. Panzer's assertion that Banco Popular could do more is merely conclusory and not based on the evidence. Banco Popular sent letters and engaged with Pierson over the phone. The only method Banco Popular has to force Pierson to act is to sue – which Banco Popular did.

¶31 Likewise, with regards to the partial payments, it is Banco Popular who refrained from exercising a legal right – Banco Popular did not accelerate the loan or foreclose the property, although it could have. It would also not be unjust to refrain from enforcing the promise – Panzer got what he bargained for: Banco Popular abstaining from initiating foreclosure procedures in exchange for reduced payments. Nor is there a detriment to Panzer, as he enjoyed continued use of the property and the possibility that Pierson may restart payments again as opposed to immediate foreclosure. The Court finds that Panzer's counterclaim for promissory estoppel is unsupported by law or fact.

## IV.    CONCLUSION

¶32 Based upon the foregoing, Banco Popular's Motion for Summary Judgment will be granted. An appropriate Judgment follows.

DATED: June 23, 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY
**LATOYA A. CAMACHO**
Court Clerk Supervisor   6 24 /2021